360



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jim Weatherby
County Attorney
Kerr County
Kerrville, Texas

Dear Sir:

Opinion No. O-3284
Re: Officers are not entitled to
fees in proceeding authorized
by Article 3193c-1, Vernon's
Annotated Texas Civil Stat-
utes.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Enclosed herewith find copy of opinion written to the County Clerk, and the question being whether or not the County officials are entitled to receive any fee for their services in Lunacy Proceedings where the party is sent for a 90 day period for observation."

We quote from your opinion to the County Clerk as follows:

"After checking the statutes, I see no means by which the County officials, that is, the County Judge, County Attorney and County Clerk, are entitled to receive any fees for Lunacy Proceedings where the party is sent for a 90 day period for observation."

Article 3193c-1, Vernon's Annotated Texas Civil Statutes provides, among other things, that if information in writing and under oath be given to any county judge that any person in his county who is not charged with a criminal offense, is believed to be mentally ill, and that the welfare of himself and/or others require that he be placed in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

a State hospital for the mentally ill for not exceeding ninety days for observation and/or treatment, and such county judge shall believe such information to be true, he shall forthwith, in term time or vacation, fix a day and place for the hearing and determining of the matter, which place shall be either in the courthouse of the county, or at the residence of the person named, or at any other place in the county as the county judge may deem best for such person and shall give notice to such person of the time and place of such hearing. The manner and method of such hearing is specifically set out in the statute. The statute imposes no duty upon the county attorney to represent the State in such hearings or proceedings.

Opinion No. O-8584 of this department holds that it is not the duty of the county attorney to represent the State in a proceeding authorized by Article 3193c-1, V. A. T. C. S., and that said statute does not provide for any fees for officers conducting hearings under said article. We enclose herewith a copy of said opinion for your information.

As pointed out in opinion No. O-2584, proceedings under Article 3193o-1, V. A. T. C. S., are not lunacy proceedings, and that Article 561, V. A. T. C. S., providing fees for officers and jurors in lunacy cases, has no application.

Section 3 of Article 3193o-1, provides, among other things, that the county shall provide transportation to and from the State hospital for such person temporarily committed to such hospital by the county court, but that the county shall be reimbursed for such expenses if the patient or relatives are financially able to pay such expenses.

Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. McCalla v. City of Roakdale, 246 S. W. 654.

The Constitution fixes the compensation of certain officers and authorizes the Legislature to provide by law for the compensation of all other officers, servants, agents, and public contractors. Pursuant to the authority thus conferred, numerous statutes have been passed fixing

the compensation for various classes of officers. As herein-above stated, the compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Binford v. Robinson, 244 S. W. 807; McLennan County v. Boggess, 317 S. W. 346; Duclos v. Harris County, 291 S. W. 611, affirmed 298 S. W. 417; Crosby County Cattle Co. v. McDermett, 281 S. W. 293.

Article 3193e-1 does not provide any fees for any officers nor does it provide for any costs to be taxed against the county or the estate of the temporarily committed person. We have also been unable to find any statute which provides that the costs of such proceedings should be paid as the costs in lunacy proceedings, civil suits, criminal cases or any other proceedings.

You are respectfully advised that it is the opinion of this department that you have correctly answered the question.

However, if the sheriff transports a person temporarily committed to a State hospital under proper order of the court, we think under Section 3 of Article 3193e-1 the county should pay the sheriff for his actual expenses incurred in the transportation of such person to the State hospital.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:OO

ENCLOSURE

APPROVED APR 10, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN